UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI MARIE COLE,<br><br>             Petitioner,<br><br>     v.<br><br>ALBERTO GONZALES,<br><br>             Respondent. | 1:06-cv-00222-LJO-TAG HC<br><br>ORDER REQUIRING PETITIONER TO AMEND PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his Petition on February 3, 2006. (Doc. 1).

Rule 4 of the Rules Governing § 2254 Cases[1] requires that the Court make a preliminary review of each Petition for Writ of Habeas Corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

**DISCUSSION**

A.  Failure to State a Discernable, Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions." Fed. R. Civ. P 81(a)(2).

1

Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of her claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Furthermore, Petitioner must state her federal claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-492; Wacht v. Cardwell, 604 F.2d 1245, 1246-1247 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases states, in relevant part:

> [The petition] *shall specify* all of the grounds for relief which are available to the petitioner of which he has or by the exercise of due diligence should have knowledge and shall set forth *in summary form* the facts supporting each of the grounds thus specified. It shall also state the relief requested. The petition shall be *typewritten or legibly handwritten* and shall be signed under penalty of perjury by the petitioner.

(Emphasis added.)

The instant petition is completely unclear. It appears that Petitioner is attempting, in Ground One, to claim ineffective assistance of her trial counsel. However, nowhere in that claim does Petitioner make such an express claim, nor does she reference the Sixth Amendment in her claim. In Ground Two, it appears that Petitioner is attempting to claim a due process violation based on insufficiency of the evidence to convict her. However, again, she fails to frame her claim in language the Court can recognize as stating a federal, as opposed to state law, claim.

2

Grounds Three and Four do not appear to be grounds at all, but rather appear instead to provide explanatory information regarding the earlier two grounds.  If the Court is mistaken, and Petitioner is indeed attempting to state substantive grounds for relief in Grounds Three and Four, then Petitioner must clearly state each separate ground for relief in the amended petition and expressly state the federal grounds on which her claims rely.

B.  Failure To Name The Proper Respondent.

A petitioner seeking habeas corpus relief must name the state officer having custody of her as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).  However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.  When a petitioner is on probation or parole, the proper respondent is her probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

In this case, Petitioner asserts that she is incarcerated at the Central California Women's Facility, Chowchilla, California.  The individual in charge of that facility is Warden Deborah L. Patrick.  The "Attorney General of the State of California, Alberto Gonzales" is not the warden or individual in charge of the institution where Petitioner is confined, and thus is not the person having day-to-day control over Petitioner.

Petitioner therefore must file an amended petition, naming as Respondent the individual responsible for day-to-day control over her.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner's failure to name her custodian as a respondent deprives this Court of personal jurisdiction to consider her petition.  Stanley, 21 F.3d at 360; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

Accordingly, it is HEREBY ORDERED:

1) Petitioner SHALL amend the Petition to name the proper respondent and to state grounds for relief alleging violations of federal law in such a manner that the Court can discern the nature of the claims and whether they have been exhausted in state court by presentation to the California Supreme Court. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner is advised that the form petition must set forth all claims for relief, including the facts and arguments in support of those claims. Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220.

2) The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

**Petitioner is advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth her claim(s), including all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in her original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in her amended petition of the dates when the state courts ruled on the issues Petitioner raised. The Court will not consider the original petition. Petitioner's failure to file an amended petition in a timely fashion will result in a recommendation that the petition be dismissed for Petitioner's failure to state a federal claim pursuant to Local Rule 11-110.**

IT IS SO ORDERED.

Dated:   **April 13, 2007**                                       /s/ Theresa A. Goldner
                                                              UNITED STATES MAGISTRATE JUDGE