UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KARI MARIE COLE, | ) | 1:06-cv-00222-LJO-TAG HC |
| Petitioner, | ) | |
| | ) | ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION |
| v. | ) | |
| DEBORAH L. PATRICK, | ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| Respondents. | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed her original Petition on February 3, 2006. (Doc. 1). On May 23, 2007, before the Court had conducted an initial screening of the original petition, and before a responsive pleading had been filed, Petitioner filed an amended petition. (Doc. 10). The amended petition appears to make but a single claim for relief. However, the claim is so ambiguously and poorly drafted, that it is difficult for the Court to determine the precise nature of her claim. It appears that Petitioner is contending that she is innocent of the crime for which she was convicted and that the evidence suggests that another individual or individuals committed the offense and conspired to have Petitioner arrested for the crime. The issue, as framed by Petitioner, is part question and answer, in which Petitioner provides both the questions and the answers, and part rambling commentary about the evidence and her conviction. From this, the Court is unable to determine that a federal question has been raised regarding Petitioner's state court conviction. Accordingly, the Court will afford Petitioner one last opportunity to amend her petition to state a federal claim.

# DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of her claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does she argue that she is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of her claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. At present, Petitioner raises only a state law claim, i.e., that the jury should not have convicted her based on the evidence, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Gilmore v. Taylor,

1  508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not
2  rise to the level of a constitutional violation, may not be corrected on federal habeas").  Moreover,
3  "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant
4  habeas relief." James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).
5    Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v.
6  Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).  Further, "the
7  availability of a claim under state law does not of itself establish that a claim was available under the
8  United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990)(quoting Dugger v. Adams,
9  489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S.
10 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

## **ORDER**

12   Accordingly, IT IS HEREBY ORDERED:
13 1. That Petitioner is granted thirty (30) days from the date of service of this order to file
14   an amended petition.  Petitioner is advised that the amended petition should be clearly
15   entitled "**Amended Petition for Writ of Habeas Corpus**."  Petitioner is advised that
16   the petition must set forth her claim(s) clearly, including all the facts and arguments
17   in support of said claim(s).  With respect to any claims raised in an amended petition,
18   Petitioner must have presented those claims, either in her original state court appeal
19   or through a subsequent state habeas corpus petition, to the California Supreme Court
20   prior to raising them in this Court.  It is Petitioner's responsibility to advise the Court
21   in her amended petition of the dates when the state courts ruled on the issues
22   Petitioner raised.  The Court will not consider the original petition.  **Petitioner is**
23   **reminded that each claim *must* state a cognizable federal claim;**
24 2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state
25   prisoners filing pursuant to § 2254.
26 ///
27 ///
28

1  Petitioner is forewarned that failure to follow this order will result in a recommendation for
2  dismissal of the petition pursuant to Local Rule 11-110.

4  IT IS SO ORDERED.

5  Dated:  **December 14, 2007**                    **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE